UNITED STATES *v.* NOE & SONS ET AL. (No. 2330).[1]

CONFLICT OF RATES.

Where different rates of duty are equally applicable to the same goods, the highest rate must be levied.—Paragraph 1460, tariff act of 1922.  Fringes made of bullion are made dutiable at 55 per cent ad valorem under paragraph 385, and at 90 per cent under paragraph 1430.  The higher rate prevails.

United States Court of Customs Appeals, May 5, 1924.

APPEAL from Board of United States General Appraisers, G. A. 8685 (T. D. 39800).
    [Reversed.]
    *Comstock & Washburn (George J. Puckhafer* of counsel) for appellees.
    *William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

[Oral argument March 20, 1924, by Mr. Puckhafer and Mr. Igstaedter.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Fringes made of bullion were assessed by the collector of customs at the port of New York at 90 per cent ad valorem under that part of paragraph 1430 of the tariff act of 1922 which reads as follows:

PAR.   1430.   Laces  *  *  *  fringes  *  *  *  ornaments;  *  *  *  and all  *  *  *  articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, and 1424 of this act), by whatever name known, and to whatever use applied and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns  *  *  *  bullions,  *  *  *  or products of cellulose provided for in paragraph 1213 of this act, 90 per centum ad valorem.

---

[1] T. D. 40180.

The importer protested that the fringes composed of bullion were not dutiable at 90 per cent ad valorem under paragraph 1430, but that they were dutiable at 55 per cent ad valorem under that part of paragraph 385 of the tariff act of 1922, which reads as follows:

PAR. 385. * * * Beltings, toys, and other articles made wholly or in chief value of tinsel wire, metal thread * * * bullions, or metal threads, not specially provided for, 45 per centum ad valorem; * * * fringes, * * * made wholly or in chief value of any of the foregoing, 55 per centum ad valorem.

The Board of General Appraisers sustained the protest and the Government appealed.

Paragraph 385 imposes a duty of 55 per cent ad valorem on fringes made of bullions and paragraph 1430 subjects the very same identical goods to a duty of 90 per cent ad valorem. The language used in both paragraphs is plain, clear, unambiguous and unmistakable and if either provision stood alone there would be no excuse for applying the rules of interpretation for the purpose of determining its meaning. Both provisions are constituent parts of the tariff act of 1922 and confronted as we are with the impossibility of subjecting fringes made of bullion to two rates of duty we are called upon to decide under which paragraph the importation was assessable for duty.

If Congress had not prescribed what should be done in case different rates of duty were found equally applicable to the very same goods, we might well hold that the lower rate of duty should be applied on the ground that the importer was entitled to the benefit of the doubt arising out of an unsolvable uncertainty as to the legislative intent. Paragraph 1460 of the tariff act explicitly provides however, that "if two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates," and thereby left no doubt as to which of two or more conflicting rates should apply.

It is true that it was absurd to impose two rates of duty on the same article, but as Congress foresaw such a contingency and expressly directed that the highest rate must be preferred in the event of a conflict of rates, that mandate must be given effect by the courts.

The judgment of the Board of General Appraisers must therefore be *reversed*.